# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF WISCONSIN

_____

**IGENFUELS LLC,**
    1641 Commanche Avenue, Suite H
    Green Bay, Wisconsin 54313,

    Plaintiff,

v.                                            Case No.

**AOT ENERGY AMERICAS LLC,**         **JURY TRIAL DEMANDED**
    5847 San Felipe Street, Suite 2850
    Houston, Texas 77057,

    Defendant.
_____

# COMPLAINT
_____

The Plaintiff, IGenFuels LLC, by its attorneys, von Briesen & Roper, s.c., and as and for its Complaint against Defendant AOT Energy Americas LLC, alleges and shows to the Court as follows:

## NATURE OF THE ACTION

1. This is a civil diversity action for breach of contract, quantum meruit and unjust enrichment under Wisconsin law, all arising out of a business relationship between plaintiff and defendant.

## PARTIES

2. Plaintiff IGenFuels LLC ("IGen") is a Wisconsin limited liability company with its principal place of business at 1641 Commanche Avenue, Suite H, Green Bay, Wisconsin 54313.

3. Defendant AOT Energy Americas LLC ("AOT") is a Delaware limited liability company with its principal place of business located at 5847 San Felipe Street, Suite 2850, Houston, Texas 77057.

**JURISDICTION AND VENUE**

4. IGen is a single member LLC whose sole member, U.S. Venture, Inc., is a citizen of Wisconsin by virtue of it being incorporated in Wisconsin and having its principal place of business located at 425 Better Way, Appleton, Wisconsin 54915.

5. AOT is a single member LLC whose sole member, Transcor Holdings USA, Inc., is a citizen of Pennsylvania by virtue of it being incorporated in Pennsylvania and having its principal place of business located at 4955 Steubenville Pike, Pittsburgh, Pennsylvania 15205.

6. This court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000, and the parties are citizens of different states, Wisconsin and Pennsylvania respectively.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) in that AOT agreed to pay IGen for services rendered in this judicial district.

8. This Court further has personal jurisdiction over AOT, and venue is proper in this district, because the Agreement between AOT and IGen states, "the parties hereto irrevocably commit to the jurisdiction and venue of … the United States Federal District Court, Eastern District of Wisconsin, to adjudicate any dispute arising under or related to this Agreement."

**FACTUAL BACKGROUND**

9. IGen is the owner and licensor of IGenFuels, a proprietary motor fuel excise tax compliance and reporting software solution (the "Software"). The software helps users prepare their internal tax data for filing taxes in various states, US federal taxes, and in Canadian territories.

10. On April 24, 2017, IGen and AOT entered into a Hosted Software Subscription Agreement (the "Agreement"), a true and correct copy of which is attached hereto as Exhibit A.

11. Pursuant to the Agreement, IGen granted AOT a thirty-six month, limited, non-exclusive, non-transferable, non-sublicensable license to use the Software and related documentation in specified jurisdictions, in exchange for, among other things, certain subscription fees, implementation fees, expenses, hosting fees and interest charges as provided by the Agreement.

12. Immediately upon entering into the Agreement, IGen implemented the Software for use by AOT pursuant to the Agreement.

13. On July 14, 2017, IGen and AOT amended the Agreement (the "First Amendment"), a true and correct copy of which is attached hereto as Exhibit B.

14. On July 31, 2017, IGen and AOT amended the Agreement a second time (the "Second Amendment"), a true and correct copy of which is attached hereto as Exhibit C (the First Amendment and the Second Amendment, collectively the "Amendments").

15. The Amendments, at the request of AOT, expanded and added to the jurisdictions to be developed by IGen.

16. Pursuant to the Agreement, AOT has incurred subscription fees, implementation fees, expenses, and hosting fees totaling $179,790.00.

17. Section 3(d) of the Agreement further provided that IGen shall pay, "interest calculated at 1 percent per month … on all amounts that remain unpaid more than ten (10) days after the due date. If Company employs any legal process to recover any amount due and payable from client hereunder, client shall pay all costs of collection and reasonable attorneys' fees."

18. Past due payments to IGen for the jurisdictions added pursuant to the Amendments had a similar late payment interest charge of 1 percent per month that is incurred, "on all amounts that remain unpaid more than forty (40) days after the due date."

19. AOT has tendered payment to IGen in amounts totaling $84,040.00.

20. The remaining balance due and owing to IGen from AOT for subscription fees, implementation fees, expenses, and hosting fees under the Agreement and Amendments is $95,750.00, plus interest as required under the terms of the Agreement and Amendments.

21. Despite due demand, AOT has failed to pay IGen the outstanding balances due and owing under the Agreement and Amendments.

22. At all times material hereto, the Agreement and Amendments were in full force and effect.

23. In addition to performing pursuant to the Agreement and Amendments, IGen also performed services for AOT outside of the Agreement, including taking transactional data provided by AOT and running that data through the IGen system to create various jurisdictional tax forms and e-files that AOT could then send to the appropriate jurisdiction (the "Compliance Work").

24. IGen performed this Compliance Work pursuant to an oral agreement between AOT and IGen that in exchange for performing the Compliance Work, AOT would pay IGen an hourly rate.

25. IGen sent invoices to AOT for the Compliance Work totaling $34,200.00.

26. Despite due demand, AOT has failed to pay for the Compliance Work.

27. At all times pertinent hereto, IGen fully and satisfactorily performed pursuant to the Agreement, the Amendments and the Compliance Work, including all conditions precedent to payment.

### FIRST CLAIM FOR RELIEF: BREACH OF CONTRACT
### (THE AGREEMENT AND AMENDMENTS)

28. Plaintiff re-alleges Paragraphs 1-27 above as fully stated herein.

29. AOT agreed to, and was contractually obligated to, make payments to IGen pursuant to the Agreement and the Amendments.

30. AOT has breached the Agreement by failing to tender payment to IGen when due.

31. As a direct and proximate result of AOT's breaches of contract, IGen has sustained and will continue to sustain damages in an amount to be proven at trial.

32. Further, the Agreement provides that "[i]f Company employs any legal process to recover any amount due and payable from Client hereunder, Client shall pay all costs of collection and reasonable attorneys' fees."

33. This is an action to recover amounts due and payable from AOT under the Agreement, and as a result, IGen is entitled to the costs of collection and its reasonable attorneys' fees incurred in this lawsuit.

### SECOND CLAIM FOR RELIEF: BREACH OF CONTRACT
### (THE COMPLIANCE WORK)

34. Plaintiff re-alleges Paragraphs 1-34 above as fully stated herein.

35. AOT agreed to, and was contractually obligated to, make payments to IGen pursuant to the Compliance Work.

36. AOT has breached the contract with IGen by failing to tender payment to IGen when due.

37. As a direct and proximate result of AOT's breaches of contract, IGen has sustained and will continue to sustain damages in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF: QUANTUM MERUIT

38. Plaintiff re-alleges Paragraphs 1-37 above as fully stated herein.

39. As and for an alternative third cause of action against AOT, IGen alleges as follows:

40. By IGen and AOT's words, conduct and/or course of dealing, the parties came to a mutual agreement for IGen to provide the license and Software to AOT, as well as to perform the Compliance Work.

41. AOT requested that IGen provide its license and Software to AOT, as well as perform the Compliance Work.

42. IGen performed, pursuant to AOT's requests, and provided AOT with a limited, non-exclusive, non-transferable, non-sublicensable license to use the Software and related documentation, and IGen performed the Compliance Work.

43. AOT agreed to pay for the license, Software and Compliance Work.

44. The license to use the Software, the Software itself, and the Compliance Work that was provided to AOT conferred a benefit and value to AOT.

45. AOT failed and refused to pay IGen in full for the value of the license, Software and Compliance Work.

46. IGen is entitled to a money judgment against AOT for the reasonable value of the license, Software and Compliance Work provided by IGen to AOT.

### FOURTH CLAIM FOR RELIEF: UNJUST ENRICHMENT

47. IGen re-alleges Paragraphs 1-46 above as fully stated herein.

48. As and for an alternative fourth cause of action against AOT, IGen alleges as follows:

49. IGen conferred a benefit on AOT by providing AOT with a license to use the Software and by performing the Compliance Work.

50. AOT retained the benefits of the same under circumstances in which it would be inequitable and unjust for AOT to retain the benefits without paying IGen for the value thereof.

51. AOT has not paid IGen in full for the value of the benefit conferred on AOT by IGen and AOT has been unjustly enriched as a result.

52. IGen is entitled to a money judgment against AOT for the reasonable value of the benefit conferred on AOT by the license, Software and Compliance Work.

**PRAYER**

WHEREFORE, IGen respectfully requests that this Court grant it the following relief:

A. On the plaintiff's First and Second Claims for Relief, for judgment against AOT and an award of compensatory damages in an amount to be proven at trial;

B. Judgment against AOT in an amount to be determined at trial for the reasonable value of the license, Software, and Compliance Work provided by IGen to AOT in accordance with the Third and Fourth Claims for Relief;

C. Pre-judgment interest;

D. Its reasonable attorneys' fees and expenses allowed under the Agreement and Amendments;

E. An award of costs; and

F. Such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues.

Dated at Milwaukee, Wisconsin this 11th day of January, 2018.

                                      *s/ Adam R. Finkel*
                                      Adam R. Finkel SBN: 1070469
                                      Steven L. Nelson SBN: 1009779
                                      Attorneys for Plaintiff
                                      von Briesen & Roper, s.c.
                                      411 E. Wisconsin Ave., Suite 1000
                                      Milwaukee, WI 53202
                                      Telephone: (414) 270-2509 – Finkel Phone
                                      Fax:       (414) 238-8724 – Finkel Facsimile
                                      Email:    afinkel@vonbriesen.com
                                                     snelson@vonbriesen.com

29815823_1.DOCX